SYDEMAN BROS., INC., *v.* WOFFORD.

Opinion delivered May 9, 1932.

*I. J. Friedman* and *Cravens & Cravens*, for petitioner.

*Hill, Fitzhugh & Brizzolara*, for respondent.

HUMPHREYS, J. This is a petition by Sydeman Bros., Inc., to this court for a writ of prohibition to prevent the chancery court of the Ft. Smith District of Sebastian County from trying a suit brought by Mrs. Annie B. Whitlow to recover a personal judgment against petitioner for an alleged breach of a lease of her business building in Ft. Smith, and to enforce a lien for the payment of the amount claimed against trade fixtures owned by said petitioner in said city. It is alleged in the petition that about four months before the institution of her suit in the chancery court, the petitioner, a foreign corporation, doing business by permission in the State, had withdrawn therefrom by discontinuing its business therein and notifying the Secretary of the State of Ark-

ansas of such cessation of business, and of its retirement from the State, and that, on account of its withdrawal from the State, the chancery court acquired no jurisdiction of the petitioner by virtue of the summons issued out of said court and served upon the Secretary of State, who was designated by petitioner as its agent for service when it qualified under § 1827 of Crawford & Moses' Digest to do business in the State.

An alleged lease and a breach thereof was made the basis of the suit by Mrs. Whitlow in the chancery court, in which she sought personal judgment against petitioner and a foreclosure of a lien provided for in the lease for rents upon trade fixtures it owned. A good cause of action was stated, but petitioner argues that the chancery court was without jurisdiction to render a personal judgment against it on account of the breach of the lease because service upon its designated agent when it entered the State is insufficient to give the chancery court jurisdiction of its person or corporate body. The solution of this question depends upon whether a foreign corporation may qualify to do business in this State and, after incurring obligations, can withdraw from the State and defeat personal service on its agent in suits to enforce such obligations. According to the weight of authority, it cannot do so. The general rule is well stated in 12 R. C. L., at page 1113, as follows:

"It is generally held that a foreign corporation, which has been admitted to do business within a State upon the condition that it execute a power of attorney for service of process to a general agent or State officer, cannot, after having designated some person for service of process and carried on business within the State, escape from the jurisdiction of the courts of the State over actions brought by residents thereof with whom it has contracted under the permission to do business therein by revoking the power of attorney for service of process and ceasing to do business within the State."

The rule quoted above finds support in 14-A Corpus Juris, 1377.

The chancery court acquired jurisdiction over the petitioner by service upon the Secretary of State in the suit brought by Mrs. Whitlow against it, hence its application for a writ of prohibition is denied.